# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELO NORRIS, JR.** | : | **CIVIL ACTION** |
| **v.** | : | |
| **CITY OF PHILADELPHIA**, *et al*. | : | **NO. 08-2222** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                  **August 5, 2009**

In this action brought pursuant to 42 U.S.C. § 1983, the plaintiff, Angelo Norris, Jr. ("Norris"), alleges that the City of Philadelphia ("City") violated his Eighth Amendment rights by failing to properly protect him from a fellow inmate while incarcerated at the City of Philadelphia Industrial Correctional Center ("PICC").[1] As a result of this alleged failure, Norris was brutally stabbed, resulting in partial blindness in his right eye. The City has moved for summary judgment, contending that Norris has failed to show that any municipal policy or custom is directly responsible for his alleged injuries. Norris has not filed a response in opposition to the motion.

**Factual Background and Procedural History**

On or about April 28, 2006, in violation of PICC's policy prohibiting inmates from entering the cells of other inmates, a fellow inmate entered Norris's cell and stabbed him "in his face, eye and about his body and person." Compl. ¶ 16. Norris complains that the

---

[1] The plaintiff conceded to the dismissal of the only other named defendant Videll Hernandez ("Hernandez"). *See* Order of October 14, 2008 (Document No. 7). The defendant John Doe has never been identified, other than as an employee of PICC or another inmate at PICC. *See* Compl. ¶ 7. The allegation that John Doe "acted by and through their [sic] authorized agents, servants, workmen and employees [acting] within the course and scope of their employment" does not shed any light on John Doe's possible identity. *See id*. ¶ 12; *see also* ¶ 15 (broadly alleging that John Doe was responsible for care and custody of PICC). The Complaint has been dismissed as to the defendant John Doe only. *See* Order of August 5, 2009 (Document No. 12).

City violated his Eighth Amendment rights by allowing this assault to occur. *Id.*

The City argues that judgment should be entered in its favor because Norris has failed to demonstrate that it had a policy or custom that directly caused the alleged constitutional violation.[2]  In other words, the City contends that Norris cannot maintain a claim against it pursuant to *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), which governs constitutional claims against municipalities.

Even though Norris has not opposed the City's motion, a motion for summary judgment may not be granted simply because it is unopposed. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990). Accordingly, we have thoroughly reviewed the record presented to determine if there is any evidence, disputed or undisputed, showing a direct causal link between any policy or custom of the City and Norris's alleged injuries. Finding none, we shall grant the City's motion.

## Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In examining the motion, the facts are viewed in the light most favorable to Norris as the nonmoving party, and all reasonable inferences must be drawn in his favor. *Intervest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

As the moving party, the City bears the initial burden of demonstrating that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). If the City successfully

---

[2] The City alternatively argues that, if the court determines that a policy or custom was responsible for the alleged constitutional violation, Norris's Eighth Amendment rights were not violated. Because we do not find that any municipal policy or custom caused Norris's injuries, we do not reach the question of whether his constitutional rights were violated.

demonstrates that no genuine issue of material fact exists, Norris cannot rest on the pleadings. To defeat summary judgment, Norris must come forward with probative evidence establishing the prima facie elements of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Moreover, he must show more than the "mere existence of a scintilla of evidence" for elements on which he bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). An inference based upon speculation or conjecture does not create a material fact. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n. 12 (3d Cir. 1990). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## Discussion

Norris broadly alleges that the City violated his Eighth Amendment rights by failing to protect him from a fellow inmate, who entered his cell without permission and stabbed him in the eye.[3] Before determining whether there has been any actual constitutional violation, we must first determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Norris fails to allege or proffer evidence showing such a causal link.

The Third Circuit has identified three situations that may constitute a policy or custom such that the municipality would be directly responsible if a constitutional violation

---

[3] Norris alleges that "[a]t all times material hereto, the Defendant City of Philadelphia, acted by and through it's [sic] authorized agents, servants, workmen and employees and acted and committed within the course and scope of their employment and agency relationship." Compl. ¶ 10; *see also id.* ¶ 8 (same). Under § 1983, however, a municipality is not subject to vicarious liability. *Monell*, 436 U.S. at 694*; Jiminez v. All American Rathskeller*, 503 F.3d 247, 249 (3d Cir. 2007). Therefore, this allegation is moot.

were to have occurred.

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy.  The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself.  Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

*Jiminez*, 503 F.3d at 250 (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)).  Norris does not contest that, even though the City has a policy of opening cell doors during certain periods, it also prohibits inmates from entering the cells of other inmates at all times.  There is no evidence that the prison officials were aware of any inmate-on-inmate assaults occurring during periods when cell doors were open and took no action to prevent them.  Therefore, Norris has not shown any policy or custom that could potentially fit within any of the three situations specifically identified by the Third Circuit.

Having failed to proffer any evidence of a policy or custom, Norris cannot demonstrate any direct causal link between the alleged constitutional violation about which he complains and any acts or omissions of the City.  His complaint is subject to summary dismissal.

## Conclusion

Because Norris has not alleged or shown that a municipal policy or custom was directly responsible for his injury, the City's motion for summary judgment will be granted and judgment entered in favor of the City.